IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Shawn Jordan and Robert Crabtree, et al., | Case Nos. 3:21 CV 587 |
| | 3:21 CV 805 |
| Plaintiffs, | |
| | D I S C O V E R Y |
| -vs- | O R D E R |
| | |
| Huron City School District, et al., | JUDGE JACK ZOUHARY |
| | |
| Defendants. | |

### INTRODUCTION

As part of the combined discovery process (Doc. 59), Plaintiffs have requested that Defendants produce certain information contained in the education records of current and former students of Defendant Huron City School District. The Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34 C.F.R. Part 99 ("FERPA"), requires that an educational institution make a reasonable effort to provide notice to the parents or eligible students prior to disclosure of education records, including those that contain personal identifying information. The notice is required when disclosure is subject to a court order, as here. *See, e.g.,* 34 C.F.R. § 99.31(a)(9)(i), (ii). The notification requirement is enforced by linking compliance to eligibility to receive federal funding. 20 U.S.C. § 1232g(b)(1), (2); 34 C.F.R. § 99.31(a)(9).

Even though an educational institution is required to make a reasonable effort to provide notice, with the opportunity to object, consent of those students affected is not required where, as here, disclosure is court-ordered and subject to a protective order. *Morton v. Bossier Parish Sch. Bd.,* 2014 WL 1814213, *4 (W.D. La.); *C.T. v. Liberal Sch. Dist.*, 2008 WL 394217, *4 (D. Kan.); *Rios v. Read*, 73 F.R.D. 589, 600-02 (E.D.N.Y. 1977). Thus, as required by FERPA, before

producing an "education record," Defendants shall make reasonable efforts to provide notice to any affected parent of a minor student of the potential production approved procedure. (The term parent includes any "parent," "guardian," or "other person having charge or care of a child" as defined by R.C. 3321.01(A).)

### NOTICE

As reasonable efforts to provide notice to students pursuant to FERPA and this Order, the Court, through Defendants' counsel, shall notify affected parents by sending email correspondence to their email of record and by normal mail to any home address of record. This Court finds that these steps satisfy the "reasonable effort" requirement of 34 C.F.R. § 99.31(a)(9)(h).

Each time Defendants provide notice to an affected parent, Defendants shall provide a list to the Court, to be reviewed and maintained in camera, identifying those students and their parents that have received notification. The notice shall be in a format substantially similar to that attached to this Order.

This Court finds that fourteen days from the date Defendants send the notice is a sufficient period of time to allow for an objection to the record production. At the expiration of the fourteen-day deadline, Defendants will produce a list to the Court and the parties of all students who did not send an objection to Defendants' counsel. Within a reasonable time after providing this list, not to exceed thirty days after the initial notice period or fourteen days after subsequent notice periods, Defendants will produce the requested education records, in compliance with FERPA and the Federal Civil Rules, as well as applicable privilege which may otherwise limit or prevent discovery of the requested record.

**RECORD PRODUCTION**

Should a student provide written consent to disclose personally identifiable information, that written consent shall be sent for collection to Mazanec, Raskin & Ryder, Co. L.P.A. as counsel for Defendants. At the expiration of the fourteen-day notice period, Mazanec, Raskin & Ryder, Co. L.P.A. will forward all written consents received to the Court and the parties. Within a reasonable time after providing the written consents, not to exceed thirty days after the initial notice period or fourteen days after subsequent notice periods, Defendants will produce the requested education records related to that student or students, in compliance with FERPA and the Federal Civil Rules, as well as applicable privilege which may otherwise limit or prevent discovery of the requested information.

**OBJECTION**

If an objection to production with supporting grounds is received, it shall be sent to Mazanec, Raskin & Ryder, Co. L.P.A. as counsel for Defendants. At the expiration of the fourteen-day notice period, Mazanec, Raskin & Ryder, Co. L.P.A. will forward such objections to the Court along with copies of any documents containing personally identifiable information related to the concerned student. The Court will then consider and rule upon those objections. The Court may, but need not, request comment from counsel for any party. The Court shall make an initial ex parte determination whether an objection justifies continued FERPA protection of the privacy of the education record.

If the Court determines the objections are not well-taken, the Court shall issue a ruling regarding the same, and within a reasonable time after the Court's ruling, not to exceed thirty days after the initial notice period or fourteen days after subsequent notice periods, Defendants will produce the requested education records related to that student or students.

If the Court determines the objections are well-taken, the Court shall issue a ruling regarding the same and provide to the parties, under seal, the objections received (with personally identifiable information redacted). Within seven (7) days of the Court's ruling sustaining an objection, a party shall have the right to contest the Court's ruling, including the ability to argue that the right to obtain the student's personally identifiable information in discovery outweighs the stated privacy objection. Under these circumstances, the party shall file a Motion for Reconsideration under seal.

### RECONSIDERATION

If, following the filing of a Motion for Reconsideration, this Court determines the objections are outweighed by a party's right to discovery, this Court shall issue a ruling and, within a reasonable time after the ruling, not to exceed thirty days after the initial notice period or fourteen days after subsequent notice periods, Defendants shall produce the requested education records related to that student or students.

If, following the filing of a motion for reconsideration, this Court determines the objections continue to have merit, this Court shall issue a ruling regarding and, the student's education record, including the student's directory information and inclusion on the *in camera* notification list, shall remain private. Any such ruling by this Court does not entirely preclude Defendants from producing documents or other information containing that students' personally identifiable information. Instead, the Court's determination that an objection is well-taken simply means the student's personally identifiable information shall be redacted in the form and method agreed to by the parties on any documents produced in discovery.

## CONCLUSION

Documents and information produced by Defendants pursuant to this Order or otherwise including student information shall be marked "Confidential" and subject to the Stipulated Protective Order [Doc. No. 20] in this case. Any confidential documents and information provided or acquired in the course of this lawsuit may not be used outside of the context of this lawsuit and, absent further Order of this Court, shall not become part of the public record of this lawsuit.

IT IS SO ORDERED.

                                                    s/ *Jack Zouhary*
                                                    JACK ZOUHARY
                                                    U. S. DISTRICT JUDGE

                                                    January 7, 2022